1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

Case No. 14-CV-00203 (VEB)

JOHN WESLEY GARDIPEE,

                Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

DECISION AND ORDER

## I. INTRODUCTION

    In December of 2010, Plaintiff John Wesley Gardipee applied for supplemental security income ("SSI") benefits. The Commissioner of Social Security denied the application.

Plaintiff, represented by Lora Lee Stover, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 6).

On March 30, 2015, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 15).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff applied for SSI benefits on December 8, 2010. (T at 207).[1]   The application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On September 14, 2012, a hearing was held before ALJ Gene Duncan. (T at 39).  Plaintiff appeared with his attorney and testified. (T at 43-48, 57-74). The ALJ also received testimony from Trevor Duncan, a vocational expert (T at 78-86), and Dr. Arthur Lewy, a psychological expert. (T at 49-57).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 10.

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

On October 9, 2012, ALJ Duncan issued a written decision denying the application for benefits and finding that Plaintiff was not disabled within the meaning of the Social Security Act. (T at 21-38). The ALJ's decision became the Commissioner's final decision on May 19, 2014, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On June 19, 2014, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 4). The Commissioner interposed an Answer on October 14, 2014. (Docket No. 9).

Plaintiff filed a motion for summary judgment on February 9, 2015. (Docket No. 13). The Commissioner moved for summary judgment on March 23, 2015. (Docket No. 14).

For the reasons set forth below, the Commissioner's motion is granted, Plaintiff's motion is denied, and this case is closed.

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

# III. DISCUSSION

## A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

**C.    Commissioner's Decision**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since December 8, 2010, the application date. (T at 26). The ALJ determined that Plaintiff had the following severe impairments: learning disorder, stuttering, and cervical strain with low back pain.[2] (T at 26).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 27).

The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 416.967 (b), with the following restrictions: he cannot frequently turn his head or perform conveyor belt work; he needs to avoid concentrated exposure to dust, odors, fumes, and gases; he can perform simple, routine, and familiar tasks with superficial public contact, occasional conversations with supervisors, but no high-stress work or high-stress oral communication; he can work independently, but not in coordination with others and should avoid intense interaction with others; he needs a tolerant supervisor willing to provide hands-on training as necessary; he cannot be given responsibility

---

[2] The ALJ identified these impairments in the bolded "heading" of his decision with respect to the step two analysis. As discussed below, the ALJ's narrative discussion indicates that he also recognized Plaintiff's mental disorder and anxiety disorder as severe impairments.

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

for the safety of others and would be expected to off-task five percent of the workday (in small one to three minute increments); he should not be required to make executive decisions or be required to engage in extended reading for content and comprehension. (T at 29).

Plaintiff had no past relevant work. (T at 33). Considering Plaintiff's age (20 years old on the application date), education (high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 33-34).

As such, the ALJ concluded that Plaintiff had not been disabled under the Act from December 8, 2010 (the application date) through October 9, 2012 (the date of the ALJ's decision) and was therefore not entitled to benefits. (Tr. 34). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed. He offers three (3) principal arguments in support of his position. First, he contends that the ALJ's step two analysis was flawed. Second, he challenges the ALJ's credibility determination. Third, Plaintiff argues that the hypothetical posed to the vocational expert was inadequate. This Court will address each argument in turn.

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

### 1.        Step Two Severity Analysis

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c).  The fact that a claimant has been diagnosed with and treated for a medically determinable impairment does not necessarily mean the impairment is "severe," as defined by the Social Security Regulations. *See, e.g.*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). To establish severity, the evidence must show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months. 20 C.F.R. § 416.920(c).

The claimant bears the burden of proof at this stage and the "severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situation." *Id.*

In the bolded heading related to step two of his decision, the ALJ identified the following severe impairments: learning disorder, stuttering, and cervical strain

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

with low back pain. (T at 26).  Plaintiff contends that the ALJ erred and should have found that his organic mental disorder/anxiety disorder, asthma, and obesity were severe impairments.

With regard to Plaintiff's mental/anxiety disorder, Plaintiff is correct that the ALJ did not include that disorder in the list of severe impairments set forth in bold in his decision. (T at 26).  However, the ALJ referenced the testimony of Dr. Arthur Lewy, a mental expert, who testified at the administrative hearing and opined that Plaintiff had "organic mental disorder . . . not otherwise specified and anxiety disorder not otherwise specified." (T at 26, 50).  The ALJ noted that Dr. Lewy's testimony was consistent with the evidence of record and concluded that "these impairments more than minimally affect [Plaintiff's] ability to perform basic work activities" and, as such, were "severe." (T at 26).  The ALJ assigned "significant weight" to Dr. Lewy's opinion. (T at 32).

In addition, the ALJ incorporated limitations regarding Plaintiff's ability to perform the mental demands of basic work activity into his RFC determination.  For example, the ALJ found that Plaintiff is limited to simple, routine, and familiar tasks with superficial public contact, occasional conversations with supervisors, but no high-stress work or high-stress oral communication; he can work independently, but not in coordination with others and should avoid intense interaction with others; he

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

needs a tolerant supervisor willing to provide hands-on training as necessary; he cannot be given responsibility for the safety of others and would be expected to off-task five percent of the workday (in small one to three minute increments); he should not be required to make executive decisions or be required to engage in extended reading for content and comprehension. (T at 29).

Although the mental disorder and anxiety disorder should have been included in the ALJ's bolded list of severe impairments, it is clear beyond doubt that the ALJ accepted Dr. Lewy's opinion regarding these conditions, that the ALJ considered the conditions severe, and that the ALJ incorporated the limitations arising from those conditions into the RFC determination.  Plaintiff has not articulated any prejudice arising from the fact that these conditions were not included in the bolded list of impairments, apparently as a result of a clerical error.

With regard to asthma, the ALJ recognized that Plaintiff had been diagnosed with the condition, but noted that no treating or examining provider assessed any limitations arising from the condition. (T at 26-27).  Indeed, the evidence suggested that Plaintiff's asthma was controlled with medication. (T at 470).  In any event, the ALJ's RFC determination included a limitation that Plaintiff must avoid concentrated exposure to dust, odors, fumes, and gases. (T at 29).  Plaintiff has not

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

pointed to any evidence contradicting the ALJ's conclusion or establishing any prejudice arising from the finding that his asthma was not a severe impairment.

Concerning obesity, Plaintiff testified that he was five feet, six inches tall and weighed 235 pounds. (T at 44-45). The ALJ recognized this condition, but noted that no medical evidence demonstrated any functional limitations associated with Plaintiff's obesity. (T at 26). Plaintiff points to his obesity as exacerbating his physical impairments, but does not identify any limitations arising from obesity in particular or articulate any prejudice arising from the ALJ's conclusion that obesity was not a severe impairment.

In sum, this Court finds no error with regard to the ALJ's step two analysis. The step two analysis was resolved in Plaintiff's favor, *i.e.* the ALJ concluded that Plaintiff had severe impairments and proceeded with the sequential analysis. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). It is clear the ALJ carefully considered Plaintiff's mental impairments and included significant limitations in his RFC determination. Moreover, even assuming *arguendo* that the ALJ erred in finding that Plaintiff's obesity and asthma were non-severe, any error in that regard was harmless because the ALJ considered these conditions when determining Plaintiff's RFC. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

### 2.      Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: He lives in a home with three other people and earns a small amount of money by helping his grandmother clean her yard. (T at 43). He has difficulty staying focused and has difficulty concentrating

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

1   when reading. (T at 44).  He has occasional anxiety attacks (about once a month,

2   lasting for 15-20 minutes), but tries his best to cope with them. (T at 48).  Back and

3   neck pain flare-ups occasionally make movement difficult. (T at 58-59).  His ability

4   to move his neck from side-to-side is very limited. (T at 59).  He can stand for 30

5   minutes before needing to sit down. (T at 59-60). He can sit for an hour, and walk

6   for a mile and a half. (T at 59-60).  Lifting 25-40 pounds causes back pain. (T at 61).

7   He does the dishes, cooks, does, laundry and light cleaning. (T at 62).  He goes out

8   with a few friends to karaoke once or twice a week. (T at 63).  He often needs to

9   withdraw from social situations because of anxiety. (T at 67).  He can perform a task

10  for 20-25 minutes before needing a break. (T at 68).

11      The ALJ found that Plaintiff's medically determinable impairments could

12  reasonably be expected to cause some of the alleged symptoms, but that his

13  testimony concerning the intensity, persistence, and limiting effects of those

14  symptoms were not credible to the extent alleged. (T at 30).

15      This Court finds the ALJ's assessment supported by substantial evidence.

16  Treatment notes were not consistent with claims of debilitating back and neck pain,

17  generally indicating a full range of motion, full muscle strength, and limited clinical

18  findings. (T at 477, 495, 496, 497, 513).  Dr. Ken Young performed a consultative

19  examination in May of 2011.  Dr. Young assessed low back pain "mainly subjective

in nature, without any clinical objective findings." (T at 493).  He noted that Plaintiff had some "mild stuttering behavior, but [was] certainly understandable." (T at 493). Dr. Young did not find any limitations in Plaintiff's functioning. (T at 493).

Dr. Lewy reviewed the record and testified at the administrative hearing that Plaintiff could perform the mental demands of basic work activities, subject to limitations consistent with those included in the ALJ's RFC determination. (T at 49-57).

Dr. John Arnold, a clinical psychologist, performed a consultative examination in June of 2011. Dr. Arnold assigned a Global Assessment of Functioning ("GAF") score[3] of 65 (T at 483), which is indicative of mild symptoms. *See Wright v. Astrue*, CV-09-164, 2010 U.S. Dist. LEXIS 53737, at *27 n. 7 (E.D. Wa. June 2, 2010).  He described Plaintiff's prognosis as "Fair to Good." (T at 483).

Dr. James Bailey, a non-examining State Agency review consultant, assessed mild limitations in activities of daily living, moderate limitations in social functioning, and moderate limitations with regard to concentration, persistent, or pace. (T at 95).

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

Dr. Norman Staley, a non-examining State Agency review consultant, opined that Plaintiff could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, stand/walk for about 6 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday. (T at 108).

Where, as here, substantial evidence supports the ALJ's credibility determination, this Court may not overrule the Commissioner's interpretation even if "the evidence is susceptible to more than one rational interpretation." *Magallanes*, 881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

### 3.    Step Five Analysis

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, the ALJ's step five analysis was based on testimony provided by Trevor Duncan, a vocational expert. (T at 75-87). The ALJ noted that, per VE Duncan, a hypothetical claimant with Plaintiff's age, education, work experience, and RFC could perform the duties of mail clerk and delivery driver, both of which exist in significant numbers in the national economy. (T at 34). Plaintiff argues that the ALJ erred by failing to include all of his limitations in the hypotheticals presented to the VE.

However, an ALJ is not obliged to accept as true limitations alleged by Plaintiff and may decline to include such limitations in the vocational expert's hypothetical if they are not supported by sufficient evidence. S*ee Martinez v. Heckler*, 807 F.2d 771 (9th Cir. 1986); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Plaintiff has essentially re-stated the arguments raised in

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

connection with his step two and credibility challenges.  Those arguments, which are rejected for the reasons outlined above, are likewise insufficient to justify disturbing the ALJ's step five determination. *See Hall v. Colvin*, No. CV-13-0043, 2014 U.S. Dist. LEXIS 45006, at *24-25 (E.D. Wash. Mar. 31, 2014)("A claimant fails to establish that a Step 5 determination is flawed by simply restating argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected.")(citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## IV. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB

1

2

3                                    **V. ORDERS**

4    IT IS THEREFORE ORDERED that:

5         Plaintiff's motion for summary judgment, Docket No.  13, is DENIED.

6         The Commissioner's motion for summary judgment, Docket No. 14, is

7    GRANTED.

8         The District Court Executive is directed to file this Order, provide copies to

9    counsel, enter judgment in favor of the Commissioner, and close this case.

10        DATED this 18th day of May, 2015.

11

12                                   /s/Victor E. Bianchini
                                     VICTOR E. BIANCHINI
13                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20                                        20

             DECISION AND ORDER – GARDIPEE v COLVIN 14-CV-00203-VEB